UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 06-23-DLB

LESTER ADKINS                                                                                    PLAINTIFF

vs.              **MEMORANDUM OPINION & ORDER**

JO ANNE B. BARNHART, Commissioner
SOCIAL SECURITY ADMINISTRATION                                         DEFENDANT

******************

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security.  The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Lester Adkins filed applications for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI) payments on July 31, 2003. His applications were denied initially and upon reconsideration.  Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on February 8, 2005, in Prestonsburg, Kentucky.  On April 4, 2005, ALJ Andrew J. Chwalibog issued an unfavorable decision, finding that Plaintiff was not disabled.  The Appeals Council denied Plaintiff's request for further review by letter dated January 6, 2006.  The ALJ's decision, therefore, stands as the final decision of the Commissioner on Plaintiff's claims.

1

Plaintiff, who was 43 years old at the time of the hearing, has a high school education and alleges an inability to work beginning on June 27, 2003, due to black lung disease; asthma; chronic obstructive pulmonary disease (COPD); sleep apnea; carpal tunnel syndrome; osteoarthritis; low back, hip, and leg pain; anxiety and depression. At the hearing before the ALJ, Plaintiff testified that he wears splints on his hands for his carpal tunnel; the pain in his back is aggravated by walking and sitting; he uses an inhaler and takes Singulair for his black lung disease, but he does not use a CPAP machine for his sleep apnea. He also testified that he was experiencing chest pains.[1]

Having exhausted his administrative remedies, Plaintiff filed the instant action on January 24, 2006. The matter has culminated in cross motions for summary judgment, which are now ripe for the Court's review.

## II.  DISCUSSION

### A.     Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even

---

[1] Plaintiff admitted that he had testing done on his heart, and that the results were normal. He testified that he, nevertheless, believed that something was wrong. (Tr. 363).

2

if we might have decided the case differently.  *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis.  Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform.  As to the last step, the burden of proof shifts from the claimant to the Commissioner.  *See Jones v. Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.    The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date.  (Tr. 15).  At Steps 2 and 3, the ALJ found that Plaintiff's degenerative disc disease (DDD) of the low back, carpal tunnel syndrome, and obesity constitute severe impairments, but that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.  (Tr. 15-18).  At Step 4, the ALJ found that Plaintiff possessed the residual functional capacity (RFC) to perform medium level work.  Specifically, he found that Plaintiff can:

> lift/carry fifty (50) pounds occasionally and twenty-five (25) pounds frequently. Non-exertionally, he should only occasionally climb ramps/stairs, stoop, kneel, crouch, and crawl, but can frequently balance.  I have also considered the claimant's obesity and the combined effect on his impairments, including those deemed non-severe ... and further find that he should avoid even

> moderate exposure to unprotected heights and hazards and should avoid concentrated exposure to smoke, fumes, pollutants, and odors. He should only occasionally engage in overhead work and activities requiring gross manipulation with both upper extremities due to carpal tunnel syndrome.

(Tr. 19).

Based upon these findings, the ALJ concluded that Plaintiff is unable to perform his past relevant work as a bolt machine operator in the coal mines. (Tr. 21). At Step 5, however, the ALJ found that there are a significant number of jobs in the economy that Plaintiff can perform despite his limitations, including packager, inspector, price marker, telephone solicitor/surveyor, and grader/sorter. This conclusion resulted from testimony by a vocational expert ("VE"), in response to a hypothetical question assuming an individual of Plaintiff's age, education, past relevant work experience, and RFC.

**C.   Analysis**

In this appeal, Plaintiff's sole contention of error is that the ALJ failed to expressly consider a "third-party function report" completed by his friend, Alfonda Cavins, in violation of 20 C.F.R. § 404.1513(d)(4). According to Plaintiff, Ms. Cavins' report "best serves to corroborate the extent of [his] disability," as well as bolster his credibility, which the ALJ found was only "fair." (Doc. #9. p.6, n.1).[2] In his motion, Plaintiff candidly concedes that this very argument was considered and rejected by the Western District of Tennessee in

---

[2]In her report, Ms. Cavins offered the following narrative statement:

> [Plaintiff] has worked very hard when he was able to work. I know he would work if he was able to do so. He has back pain and numbness in his hands. And [he] has to take many breaks when doing anything because he gets out of breath very easy.

(Tr. 113).

4

*Dunlap v. Barnhart*, No. 03-2514, 2004 WL 784837 at *10 (W.D. Tenn. Mar. 15, 2004). He contends, however, that the court in that case did not specifically address the effect of the 2000 amendments to the regulation.[3]

In response, the Commissioner argues that while an ALJ may use evidence from non-medical sources, such as relatives, friends, etc., the regulation does not impose an affirmative duty upon an ALJ to expressly consider and weigh this type of evidence in making his ultimate determination of disability. The Commissioner also notes that, although he did not discuss its contents, the ALJ specifically cited to Ms. Cavins' report (contained in the record at Exhibit 9E), as well as several other third-party reports, in his written decision. Finally, the Commissioner argues that the Sixth Circuit held that the SSA's failure to spell out the weight accorded to lay witness testimony in its final decision was not reversible error in *Higgs v. Bowen*, 880 F.2d 860, 864 (6th Cir. 1988).

In *Dunlap*, the claimant argued that the ALJ failed to take into consideration the lay witness testimony of two non-medical sources, pursuant to 20 C.F.R. § 404.1513(e)(2).[4]

---

[3]In support, he cites to the following language in the Federal Register:

> We are redesignating prior paragraph (e) of those sections, "Information from other sources," as paragraph (d). Our intent in switching the positions of these two paragraphs is to make it clearer that, when we decide whether the evidence in a case is complete enough for a determination, we consider all the evidence in the case record, including the medical evidence from acceptable medical sources identified in paragraph (a), information from the individual, and any evidence that may have been provided by other sources, such as those identified in final paragraph (d).

65 FR 34950-01, at *34952.

[4]As previously noted, *see infra* note 3, the 2000 amendments switched paragraphs (d) and (e) of 20 C.F.R. § 404.1513. As a result, section 404.1513(e)(2) ("Information from non-medical sources"), which was at issue in *Dunlap*, was not amended substantively, but was merely re-designated section 404.1513(d)(4). Because Plaintiff's argument on appeal also implicates section

5

She argued that the ALJ's written decision did not specifically indicate whether he considered the testimony and statements of her daughter-in-law and her friend. The court began by citing *Lashley v. Sec'y of Health & Human Servs.,* 708 F.2d 1048, 1054 (6th Cir. 1983), where the Sixth Circuit held that "[p]erceptible weight must be given to lay testimony where ... it is fully supported by the reports of the treating physicians." *Dunlap*, 2004 WL 784837 at *10. It noted, however, while the testimony and statements of lay witnesses must be considered, an ALJ does not have to discuss every piece of evidence presented as long as the record is developed fully and fairly. *Id.* citing *Higgs v. Bowen,* 880 F.2d 860, 864 (6th Cir. 1988). With this framework in mind, the court concluded that, even though the ALJ did not specifically address the written statements of the claimant's daughter-in-law and friend in his written decision, he did specifically indicate that he carefully considered "all the evidence, including documents identified in the record as exhibits, testimony at the hearing, and any arguments presented." *Dunlap*, 2004 WL 784837 at *10. According to the court, the ALJ did not err in that regard.[5]

Aside from *Dunlap*, the Court also finds that the language of 20 C.F.R. § 404.1513(d)(4) belies Plaintiff's argument that the ALJ was not only required to consider, but also discuss Ms. Cavins' report in the body of his written decision. That regulation provides, in pertinent part:

> In addition to evidence from the acceptable medical sources listed in paragraph (a) of this section, *we may also use evidence* from other sources

---

404.1513(d)(4), the Court finds the reasoning in *Dunlap* instructive.

[5]Similarly, the ALJ in this case stated, "[u]pon reviewing all of the evidence of record, [he] concludes that the claimant has not been under a disability within the meaning of the Social Security Act at any time through the date of this decision." (Tr. 14).

6

>to show the severity of your impairment(s) and how it affects your ability to work. Other sources include, but are not limited to ...
>
>(4) Other non-medical sources (for example, spouses, parents and other caregivers, siblings, other relatives, friends, neighbors, and clergy).

20 C.F.R. § 404.1513(d) (emphasis added). As noted by the Commissioner, the plain language of the regulation permits, but does not require, an ALJ to consider third-party reports to determine the severity of a claimant's impairment(s), and how it affects his ability to work.

Finally, and perhaps most importantly, a review of the ALJ's written decision reveals that he did, in fact, consider multiple third-party function reports - including that of Ms. Cavins - at Step 2 of the sequential evaluation; specifically, in determining whether Plaintiff suffers from any deficiencies in social functioning. In particular, he noted that "[a]t the hearing, the claimant testified that he occasionally goes to church and witness statements by the claimant's wife, sister-in-law, mother, and friends, indicate that he visits frequently with family members (Exhibits 5E-9(E))." (Tr. 17). Plaintiff's sole argument on appeal, therefore, appears to be not that the ALJ failed to consider Ms. Cavins' report as a whole, but that he failed to consider a particular statement contained therein. *See infra* note 2. The Court concludes, however, that the ALJ gave adequate consideration to the statements provided by Plaintiff's family and friends.

For all these reasons, the Court concludes that the ALJ's decision complies with 20 C.F.R. § 404.1513(d)(4). Plaintiff's argument to the contrary is without merit.

### III. CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #9) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #10) is hereby **GRANTED.**

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

Dated this 11th day of July, 2006.

Signed By:
*David L. Bunning*   DB
United States District Judge

G:\DATA\SocialSecurity\MOOs\7-06-23-AdkinsMOO.wpd